**Ms. Kristen N. ALAND; Ms. Sandra L. Bianculli Miller; Randy Cellar; Mr. Donald M. Guerrieri; Ms. Amy E. Hoechstetter; Felix Lewis; Mr. Keith**

---

A. Miller; Richard Mueser; Mr. Joseph M. Novotny; Mrs. Geraldyne O'Kane; Mr. John J. Pilot; Mr. Daniel T. Shaner; Daniel Sharer; Theon Wade; Joann M. Wade; Mr. Roland S. Wilder; Jeff Zablow; Thomas J. Stokes; Glenn G. Reis; Kathleen M. Muehlbauer; Paul J. Sabella; Robert A. Grimm; Stuart M. Caplan; Lisa J. Wilson; Andrew J. McCann; Alvin B. Gipson; Ronald R. Gmitter; James H. Yoder; David Covato; Kevin J. O'Toole; Benjamin J. Desure; Michelle A. Broskovich; Ronald Davis, Sr.; Nicholas C. Evanish; Christine Kropcho; Robert V. Allison; Seth M. Carpenter; Rae–Ann L. Brown; Lisa M. Anatarow; Randy R. Robinson; Carl H. Christ, Jr.; Paul J. Fantaske, Jr.; Paul R. Hoppe; Scott R. Crush; Peter Rivers; Louis V. Lucarelli; George M. Roberts; Carl R. Wise; Sam A. Solomon; Timothy J. Sullivan, Jr.; Lauren O. Rhoden; David V. Gussie; Janet S. Wilson–Carter; Robert L. Knox; Paul J. Pruchnic; Daniel Medgaus; David E. Vachon; Frederick L. Hegeman; Gregory S. Schmotzer; Albert J. Gaiardo; Richard D. Luce, Jr.; Richard T. Slebonick; Robert P. Bishoff, on behalf of himself and all other veterans similarly situated,

v.

PITTSBURGH BOARD OF PUBLIC EDUCATION; School District of the City of Pittsburgh; Phylis B. Bianculli; Elizabeth T. Healy; Alex Matthews; Valerie A. McDonald; Evelyn B. Neiser; Maggie Schmidt; Ronald L. Suber; Janet O. Wilson; Jean E. Wood, individually Timothy Sullivan; Kristen Aland; Michelle Broskovich;

*Robert Collasius; David Covato; *Max Haller; Frederick Hegeman; *Christopher Konway; Robert Knox; *Raymond Litra; *Richard Luce; Daniel Medgaus; Keith Miller; Kevin O'Toole; *Lawrence Pearson; *Laura Reich; Glenn Reis; Peter Rivers; Thomas Stokes; David Vachon; Janet Wilson–Carter; Carl Wise, Appellants *(Pursuant to F.R.A.P. 12(a)).

No. 00–3562.

United States Court of Appeals, Third Circuit.

Submitted Feb. 28, 2002.

Decided May 24, 2002.

Before ROTH and FUENTES, Circuit Judges, and KATZ,* Circuit Judge.

OPINION

ROTH, Circuit Judge.

This is an appeal from a September 30, 1999, District Court decision which granted summary judgment in favor of the defendants, the Pittsburgh Board of Public Education, et. al. Appellants are members of a class of veterans who are pursuing a civil rights action under 42 U.S.C. § 1983. The veterans allege that the Board failed to provide them with a proper hiring preference under the Veteran's Preference Act, 51 Pa. Cons.Stat. Ann. §§ 7103, 7104. At the time of the trial, the District Court dismissed the claims of those veterans who had failed to demonstrate that they were

* Honorable Marvin Katz, District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

"available" for hiring. On November 18, 1998, we affirmed a large part of the final judgment in the District Court but we reversed the dismissal of the "unavailable" veterans and remanded the case because we found that the District Court had erred when it did not place the burden of proof on the Board to show that the veterans were, in fact, unavailable to be hired.

On remand, the veterans asserted that all claims, both those that were dismissed and those tried to the jury, were included in our remand. As such, the veterans contended that a new trial was mandated for all claims, regardless of the reason for their dismissal. In response, the Board argued that our decision remanded only those claims dismissed on the basis of unavailability. The District Court agreed with the Board. The Board settled the claims of those veterans who had failed to offer proof of their availability. The District Court then granted summary judgment in the Board's favor. We now review that decision to determine whether the remand applied (i) only to those veterans who were dismissed on unavailability grounds or (ii) also to those veterans who passed the incorrect and more onerous availability hurdle and had their claims heard at trial.[1]

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

The veterans argue that on remand the District Court erred in granting the Board's motion for summary judgment. They contend that when a case is remanded because of an incorrect burden of proof, the remand merits a new trial for all claimants. *See Price Waterhouse v. Hopkins,* 490 U.S. 228, 258, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). Such a proposition is, however, limited in scope to the issues remanded. *See* 11 Charles Alan Wright, *et al., Federal Practice and Procedure,* § 2814, at 150 (2d ed. 1995) ("[I]f an error at trial requires a new trial on one issue, but this issue is separate from the other issues in the case and the error did not affect the determination of the other issues, the scope of the new trial may be limited to the single issue.").

It is clear from the language of the remand that it affects only those claimants who were previously found to be unavailable. Their availability was to be reexamined on remand with the burden on the Board to show unavailability, rather than the burden on the veterans to show availability. The District Court, therefore, did not err in granting summary judgment in favor of the Board.

For the above reasons, we will affirm the judgment of the District Court.

---

**1.** In fact, the Board did not assert an unavailability defense against all the veterans whose claims went to trial.